(Decided March 25th, 1896).

---

## HARRY PETERSON *vs.* THE STATE OF MARY-LAND.

*Evidence—Impeaching Credibility of Witnesses—Prosecution for Selling Liquor to Minors.*

In a prosecution for selling liquor to a minor (the prosecuting witness), where the only evidence of his minority is that of the witness himself, it is competent to ask him on cross-examination if at the time of buying the liquor he had not said that he was over twenty-one years old, for the purpose of afterwards impeaching his credibility.

In order to prove that the prosecuting witness in this case had made such statement as to his age at the time of buying the liquour, a witness called to contradict him should not be asked generally if he had heard any conversation between the minor and the traverser in the latter's saloon, but the question should be confined to the conversation relating to the age of the prosecuting witness.

When it is proposed to impeach a witness by evidence that he had previously made statements contradicting his testimony, a foundation should be laid by asking him if he had not made such statements at a designated time and to certain persons.

In a prosecution for selling liquor to a minor, evidence that according to his general reputation, the alleged minor was over twenty-one years of age is not admissible.

Appeal from the rulings of the Circuit Court for Anne Arundel County (RÉVELL and JONES, JJ.) upon the trial of an indictment charging the appellant with having sold liquor to R. R. Cook, a minor under the age of twenty-one years, *contra formam statuti.*   The appellant was convicted and sentenced to pay a fine of $50 and costs.   The first three exceptions are set forth in the opinion of the Court.   In the

fourth exception, the traverser, further to attack the credibility of the State's witness (Cook), asked the witness, Rooney, " How long he had known the witness, Cook ?" To which the witness answered, "About four years." The defence then asked the witness, Rooney : " State whether or not during that time, previously to the day named in the indictment, you have heard the witness, Cook, say that he was twenty-one years of age or over, and if he made such statements and was so generally considered in the community in which you both live ?" Which, upon objection by the State's attorney, the Court refused to permit to be asked or answered.

The case was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Page and Boyd, JJ.

*James W. Owens*, for the appellant.

*Harry M. Clabaugh, Attorney-General*, for the appellee.

Fowler, J., delivered the opinion of the Court.

The appellant was indicted in the Circuit Court for Anne Arundel County for selling beer to a minor. He was convicted and sentenced. During the course of the trial four exceptions were taken by the traverser. We will briefly consider them in the order in which they arose in the Court below :

1. Robert R. Cook, prosecuting witness, who was the only witness produced by the State, testified that he was a minor, and that on the day named in the indictment he purchased from the traverser one glass of beer and paid for it. On cross-examination of this witness the traverser asked him the following questions : " Did you not at the time of buying said beer represent yourself to be over twenty-one years of age ?" To the asking of this question the State objected, and the objection was sustained on the ground that it was immaterial whether the witness had so represented himself to be of age or not. It is clear that no testimony is

admissible in a case like this for the purpose of showing an absence of any intent to violate the law which prohibits the sale of liquor or beer to a minor. For under the ruling in *Carroll* v. *State*, 63 Md. 551, if the purchaser be in fact a minor it will not avail the traverser to show that he believed and had a right to believe, for any reason, that he was an adult. It was upon the authority of the case just cited that the Attorney-General justified the ruling of the Court below, and if there were no other reason why the question should have been allowed, the ruling would have been free from objection.

The material fact of the minority of the purchaser of the beer had been sworn to by the prosecuting witness, and his testimony was the only proof of it in the cause, and it seems to us that the question was a proper one to be asked and answered for the purpose of laying a foundation to offer evidence of contradictory statements. If, in answer to the question proposed, the witness had admitted that he had on the occasion mentioned represented or stated that he was of age, the jury may very well have refused to believe the statement he made under oath in his examination in chief. And if he had denied that he made the statement in question, it is clear that evidence would have been admissible for the purpose of contradicting him, because the credit of a witness may always be impeached by proof of contradictory statements made by him in regard to material facts. When the proper foundation has been laid on cross-examination, and that such proper foundation had been laid was assumed below, for the ruling was based solely on the ground, as appears by the record, that the testimony which was sought to be introduced was immaterial. Taking the word "represented" to have been used in the sense of "stated," we think the question free from objection, and that it was error to have refused to allow it to be asked and answered.

2. For the purpose of further attacking the credibility of the same witness, the traverser asked him the following question: "Have you not previously to the day on which you stated you bought said beer, repeatedly and generally stated

that you were twenty-one years of age?" The Court below refused to allow the question to be answered, and we think properly so, for there is a total failure to designate in it either the time when, the place where, or the person to whom the alleged contradictory statement had been made.

3. The testimony of the witness, Rooney, which was offered for the purpose of proving certain contradictory statements, was properly excluded because, although the time and place are sufficiently designated, the question was too general. The witness was asked if he had heard any conversation between the prosecuting witness and the traverser in the latter's saloon on the day the beer was alleged to have been purchased. The question should have been confined to the conversation in which, on the occasion mentioned, the purchaser of the beer stated he was over twenty-one years.

4. And we also agree that the ruling set forth in the fourth bill of exceptions is free from error for the reasons already given in passing upon the second exception, and for the additional reason that the fact of minority cannot be proved in this case by general reputation.

By reason of the error in the ruling set forth in the first bill of exceptions, the judgment will be reversed and the cause remanded.

*Judgment reversed and cause remanded.*

(Decided March 26th, 1896).