THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FREDERICK KOETTGEN, PLAINTIFF IN ERROR.

Submitted March 27, 1916—Decided November 20, 1916.

1. The habitual violation of the statute making it a misdemeanor to sell or give intoxicating liquors to minors under the age of eighteen years, constitutes the place where such sales take place a disorderly house.

2. The fact of age is not within the category of things as to which the fact can be proven by opinion testimony, since such evidence is not the best proof of which the fact of age is susceptible.

3. In a criminal trial counsel will not be permitted to sit by in silence and let incompetent evidence be introduced, cross-examine on and experiment with it, and at the close of the state's case, finding it to his disadvantage to have such estimony in the case, move that it be stricken out, and a refusal by the trial court, under such circumstances, to strike out such incompetent testimony is not reversible error.

4. Where a general exception is taken to the court's charge, and error assigned on a portion thereof, which includes two distinct propositions of law, one sound and the other unsound, the assignment is ineffectual and will not be considered on a strict bill of exceptions.

On error to the Supreme Court, whose opinion is reported in 88 *N. J. L.* 51.

For the plaintiff in error, *Ward & McGinnis.*

For the state, *Michael Dunn,* prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH. J.    Although the conclusion reached on the review of the judgment before us, is that it should be affirmed, we are unwilling to adopt the views of the Supreme Court relating to the legality of the admission of opinion evidence as to the age of the frequenters of the place, kept and maintained by the plaintiff in error, and as to the nature of the testimony required to establish the evil repute of the frequenters of the place, and thus of the place itself.

The indictment is in the common law form for keeping and maintaining. a disorderly house. One of the elements of the unlawful conduct of the place charged in the indictment, is that the plaintiff in error habitually suffered and permitted intoxicating liquors to be sold to minors under the age of eighteen years, and suffered such minors to frequent and lounge in the room and place where intoxicating liquors were kept and sold. Under a statute of this state, the sale or gift of any intoxicating liquors to a minor under the age of

eighteen years, by a person licensed to sell intoxicating liquors, his agents or servants, the act of suffering or permitting such minor to frequent or lounge in the room or place where such liquor is kept or sold, is a misdemeanor. The habitual violation of this statute would constitute the place where such unlawful acts occurred, under the decision of the courts of this state, a disorderly house. *State* v. *Williams*, 30 *N. J. L.* 102; *State* v. *Schlosser*, 85 *Id.* 165; affirmed in 86 *Id.* 374; *State* v. *Littman et al.*, 88 *Id.* 392.

Counsel for the state undertook to establish, in addition to other elements of disorder charged in the indictment, and which appear to have been supported by proof amply sufficient to sustain the conviction had in this case, that intoxicating liquors were habitually sold on premises to minors under the age of eighteen years, and that minors were allowed to frequent the place, &c., in violation of the statute above referred to. It was on this issue that the trial judge permitted witnesses to give opinion testimony as to the age of persons frequenting the place, such testimony being based solely upon their appearance.

We think this testimony was improperly received, but the judicial error committed in that regard cannot enure to the benefit of the plaintiff in error and work a reversal of the judgment under consideration, for the reasons to be presently stated.

The Supreme Court, in dealing with the question in hand, disposed of it by saying that to reject such evidence would, according to Professor Wigmore on Evidence, section 222, be pedantically over cautious. This view we deem unsound. The fallacy of it lies in failing to discriminate between age as a matter of fact and age as a matter of appearance. In the present case the statute and indictment deal with a question of fact wholly capable of proof in courts of justice by competent evidence. The fact of age is not within the category of things as to which the fact can be proved by opinion testimony.

In *Koccis* v. *State*, 56 *N. J. L.* 44, Mr. Justice Garrison points out with clearness the distinction which exists

between "that class of cases in which a witness may state the inference drawn by him from facts within ordinary knowledge occurring in his presence," and the class of cases in which a witness "whose possession of special knowledge renders his opinion admissible upon a state of facts within his specialty, without regard to the manner in which the facts are established and without requiring that they should have come in whole or in part under the personal observation of the witness."

Referring to the former class of cases, Mr. Justice Garrison says: "Familiar instances in which testimony of this kind may be given are—whether two people were in love, whether a man was sick or dazed, or despondent or drunk; whether a dog was savage or a horse gentle, and, in general, any matter touching physical or mental manifestations or appearances as well as all questions of identity, resemblance, duration, distance, dimension, velocity, noises, smells and many other matters where an inference drawn by an observer is commonly recognized and received as an equivalent for the congeries of facts that produces it."

But, as to the age of a person, there is no congeries of facts—it is itself a fact entirely capable of direct proof if it be important to prove it.

Not only in the criminal law is age often the very essence of a misdemeanor, as here, but in civil cases succession and the right of property depend on it.

The character of proof required where age is the essence of a misdemeanor is illustrated by the following cases: In *Rex v. Wedge,* 5 *C. & P.* 297; 24 *E. C. L.* 329, the indictment charged the defendant with an attempt to abuse an infant under the age of ten years, on the 5th day of February, 1832, and the only testimony of the age of the child was given by the father, who stated that in February, 1822, he went from home a few days and that his wife had not been confined, and that on the 9th day of the same month he found that the child had been born, and he was told by his wife's mother that it had been born the day before; the grandmother was alive at the time of the trial, but the mother was dead. The court held that the evidence was not suffi-

cient, for in a matter of such importance the best evidence
ought to be adduced.

In *Regina* v. *Day,* 9 *C. & P.* 722; 38 *E. C. L. R.* 306, where
the defendant was charged with a like offence, the mother
was at home ill, and therefore could not attend the trial, and
the girl's father testified that the child was not born in wed-
lock and that he could not precisely state the time of birth,
as he was at that time at work at some distance from the
place at which the mother was.

The prosecutrix, herself, testified that she was ten years old.
Lord Coleridge held that the proof of the age was not
sufficient.

In *Queen* v. *Hays,* 2 *Cox C. C.* 226, the child's mother tes-
tified that the child was born on the 7th day of February,
1837.   The offence was committed on the 1st of February,
1847.   The mother was the only witness who spoke to the
age of the child.   She stated that she never kept an account
of the child's age, and that her knowledge of it was derived
from hearing her husband speak of it, and from conversa-
tion with him and the child; and that it had been usual to
keep the birthday of the child on the 7th of February.   It
being objected that more certain proof as to the age was
requisite, Coltman, J., observed that the testimony in
*Rex* v. *Wedge, supra,* was hearsay, but that this testimony
went much further and must be submitted to the jury as some
evidence, though open to observation as to the child's age.
See, also, *Regina* v. *Nicholls,* 10 *Cox C. C.* 476, where the
mother testified to the age of her child.

It is manifest that the theory on which the two last cases
referred to were submitted to the jury, was that as the mother
of each child was a competent witness to the fact of birth of
her child, and as each had testified as to the date when that
event happened, there was some evidence to go to the jury of
the fact of age, the value of which was for the jury to de-
termine in view of the uncertainty of the testimony on that
point.

In *Rosc. Cr. Ev.* (*8th ed.*) *272, the author says: "In cases
where the offence depends upon the age, this must be proved

in the usual way by the girl herself, or by a person who can speak to the date of birth. In *Reg.* v. *Robins,* 1 *C. & K.* 456; 47 *E. C. L.* 456, it was held that it was no defence that the prisoner did not know that the girl was under sixteen, or that from her appearance he might have thought that she was of greater age." In that case the father of the girl testified that she was between fifteen and sixteen years of age, and that she would not be sixteen until October, and that he was at home when she was born.

It is to be noted that the assertion by Roscoe that the age may be proved by the girl herself is not supported by the case cited.

In 1 *Encycl. Ev.* 735, the text reads: "But when the fact of age is not one of pedigree to be established for other purposes, hearsay evidence cannot be received in proof thereof." *People* v. *Sheppard,* 44 *Hun* 565; *Peterson* v. *State,* 83 *Md.* 194; 34 *Atl. Rep.* 834. The same rule of evidence is applied to civil cases where age is a fact to be proved.

It would not only be a serious but a destructive innovation in a sound and salutary rule of evidence, that the best evidence that the nature of the case is susceptible of must be produced, if, for instance, infants could claim succession to and rights of property upon proof that they had the appearance of having attained their majority, or persons who had attained their majority and had entered into contracts could avoid such contracts upon proof that they appeared to the witnesses to be under the age of twenty-one years.

It is a matter of common knowledge, derived from observation and experience, that there is nothing more uncertain and highly speculative than that of attempting to fix the age of a person by his or her appearance. Therefore, to permit a witness to give an opinion as to the age, where age is a fact to be proved, is to open the gate to the realm of indefinite guesswork, and thereby subvert a necessary and salutary rule of evidence that the existence of a fact must be proved by competent testimony and not by conjecture. It is not pretended by those who advocate the admission of such opinion testimony, that it tends to establish the precise age

of the person, but that it does so approximately, at least to that degree as to satisfy all legal requirement.

But it must be borne in mind that, in the present case, the statute makes the sale of intoxicating liquors to a minor under the age of eighteen years, and not to one appearing to be under that age, a misdemeanor; hence the fact of age becomes vitally material. If the minor, to whom intoxicating liquor was sold, had attained the age of eighteen years, though he appeared to be but sixteen, there would be no violation of the statute. If the plaintiff in error had been indicted under the statute for selling intoxicating liquors to a minor under the age of eighteen years, he could not have successfully defended himself against the charge by proof that the minor appeared to him and other witnesses to be of the age of eighteen years.

. While it may very well be that in some instances the application of the rule of evidence, under discussion, in its full severity, worked hardship by reason of inability to prove age as a fact, this reason can no longer obtain with full force, at least, in this state in view of the fact that the legislature in 1888 passed a supplement to the Evidence act which, in substance, provides that all transcripts of death, marriages and births made by any physician, &c., according to law, to any county board of health or local board of health of any municipality of this state certified to as directed by the act shall be received as legal evidence of the matters and facts therein stated. *Pamph L.* 1888, *p.* 182; 2 *Comp. Stat., p.* 2229, §§ 28, 29; *Vanderbilt* v. *Mitchell,* 72 *N. J. Eq.* 910.

Before proceeding to discuss the merits of the assignment of error relating to the refusal to strike out the incompetent testimony admitted it will be in order here to rectify an expression, in the opinion of the Supreme Court, on the nature of the testimony required to establish the evil repute of the frequenters of the place and that of the place itself.

The Supreme Court says: "That the principle upon which evidence of the conduct and conversation of frequenters of the place is permitted is that it tends to show the charac-

ter of the people and hence of the place where they gather," &c., and *State* v. *Littman et al.*, 86 *N. J. L.* 453, 458, is cited in support of this proposition. In that case the Supreme Court said: "Whether the frequenters of the house were of evil name and fame and of dishonest conversation was a question of fact to be determined, not alone by their general reputation, but by their conduct and conversation."

On review of that case here, this court, in commenting upon this declaration in the Supreme Court's opinion, said: "We deem this to be an inaccurate statement of the legal rule so far as it applies to the matter of evil name or fame of those who were in the habit of frequenting defendant's house. By evil name and fame is meant reputation, and that cannot be proven by specific acts of misconduct." *State* v. *Littman et al.*, 88 *N. J. L.* 392.

We will now give our attention to a consideration of the propriety of the trial judge's refusal of the motion, made by counsel for plaintiff in error, to strike out the incompetent testimony relating to the age of the frequenters of the place.

From an examination of the record, it appears that the testimony as to the age of the frequenters of the place was not objected to by counsel for plaintiff in error at the time such testimony was offered and admitted. It also appears that on the cross-examination of Smith and Pirola, counsel for plaintiff in error asked these witnesses as to the age of the girls who frequented the place. When the state rested, counsel for plaintiff in error made a motion that all evidence concerning the age of the persons who were alleged to have frequented the place, except such evidence as was given concerning the age of two, whose specific ages were given, be stricken out, on the ground that such testimony given was not proof of age.

The motion to strike out was properly denied. Counsel will not be permitted to sit by in silence and let incompetent evidence be introduced, cross-examine on and experiment with it, and at the close of the state's case finding it to his disadvantage to have such testimony in the case, move that it

be stricken out. *State* v. *Hummer*, 81 *N. J. L.* 430; *State* v. *Kubaszewski*, 86 *Id.* 250. ·

Counsel for plaintiff in error further insist that the trial judge erred in submitting, in his charge to the jury, the opinion testimony, as to age, for the jury's consideration.

It appears from the record that the judge in his charge to the jury commented upon the opinion testimony as to age, and that counsel for plaintiff in error took a general exception to the charge and assigned error on that portion of it.

Upon examining the assignment of error we find that it includes within it two distinct propositions of law, one sound and the other unsound. The court, in substance, told the jury that they must determine whether or not sales had been made to minors and if that were so there must be proof of age. This was an accurate statement of law. And in this connection the court further stated to the jury that the age of such minors may be properly proven by opinion testimony. As age was the essence of the offence, this was an inaccurate, statement of law.

But, because the assignment of error includes within it two distinct legal propositions, one sound and the other unsound, and as the case is before us on a strict bill of exceptions, the assignment is ineffectual and cannot be considered.

It is further urged that comment made by the trial judge on the nature of the testimony of the case was harmful to the plaintiff in error, thereby entitling him to a reversal of the judgment. The trial judge charged the jury that: "If the testimony of the case is true, there is no question but that one of the most detestable crimes has been committed in your city.". This, from an examination of the testimony, does not appear to have been an improper comment to make. In view of the fact that the trial judge warned the jury not to permit the nature of the testimony to influence their consideration of the innocence or guilt of the plaintiff in error, if the comment was harmful standing by itself, it was rendered harmless by this warning.

The judgment will be affirmed.

WHITE, J. (concurring). My vote for affirmance in this case is based upon the opinion of the Supreme Court therein (reported in 88 *N. J. L.* 392), which expresses my views, and not upon the opinion of this court now filed, from the deliverances of which regarding so-called "opinion" evidence as to age in this class of cases, I dissent.

I am unable to agree that a witness may properly be permitted to testify from observation that two people were "in love," or that a man was "sick," or "drunk," or "dazed," or "despondent," but when it comes to a question of apparent age, can only describe the details of appearance (in cases where birth witnesses or records cannot be found) and leave the jury to guess at the age from such description. In a case like the present I am wondering just how, in these modern days of short dressing, a witness would describe the details of appearance of the females who frequented this resort so that a jury could intelligently guess whether they were fourteen or forty years old, without saying "they appeared to be under eighteen years of age," or "about fourteen years old," or words of a similar import. I do not think this is "opinion" evidence.

It is said, however, that age is susceptible of accurate proof. In disorderly house cases there might be some practical truth in this assertion if children who frequent these houses took their parents' family Bibles with them, but this seems to be about the last thing they think of doing. Practically in ninety-nine cases out of every hundred of such frequenting it is not true that age is susceptible of accurate proof in these disorderly house cases, and I think the rule from which I dissent is not only unsound in principle, but vastly pernicious in practice.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.