105 N.J. Super. 567 (1969)
253 A.2d 579
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLARENCE MOORE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1969.
Decided May 23, 1969.
*568 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Steven L. Lefelt, Pool Attorney Public Defender, argued the cause for appellant (Mr. Richard Newman, Deputy Public Defender, attorney).
Mr. Henry Gorelick, Assistant County Prosecutor, argued the cause for respondent (Mr. James A. O'Neill, Cape May County Prosecutor, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
Defendant was charged in an indictment with having, between August 1, 1967 and October 30, 1967, in the Township of Middle, in the County of Cape May, unlawfully and carnally abused a named woman-child under the age of 16 years and of the age of 12 years or over, *569 to wit, of the age of 14 years, he then and there being over the age of 16 years, contrary to the provisions of N.J.S. 2A:138-1.
Defendant was tried before a jury and found guilty.
This statutory offense may be committed with or without the girl's consent. It is a high misdemeanor and is punishable by a fine of not more than $5,000, or by imprisonment for not more than 15 years, or both. Defendant was sentenced to a jail term of 250 days, the time already served.
It is undisputed that at the times of the alleged offense the girl was only 14 years old. Her birth certificate indicates the date of her birth as November 4, 1952. Defendant was 19 years old at the time of his trial on June 18, 1968. Accordingly, he more than satisfied the fixed statutory age of 16 years for the male when he "unlawfully and carnally abused" the girl, as those words are understood under the statute. He admitted in his testimony that he had sexual relations with her twice a week "from the beginning of September to the 28th of November." No force was used. But none need be, under the statute. As a result of the intercourse between them, the girl became pregnant.
The conceded facts above demonstrate a violation of N.J.S. 2A:138-1 and require affirmance of the judgment of conviction.
The sole argument made on behalf of defendant on this appeal is that the trial court should have recognized as a defense in this statutory rape prosecution the fact that the accused reasonably believed that the prosecutrix was above the age of 16 years. He testified that she told him she was 16. The girl denied this. He said he believed that she was about 17, because "she looked older to me." The trial court sustained the State's objection to this line of questioning. In its charge to the jury, the trial court explained the three essentials of the statutory offense, viz., (1) the girl's age; (2) the young man's age; and (3) the sexual intercourse. The jury was told that the crime could be committed with or without the consent of the alleged victim. The jury *570 was not instructed that defendant's mistaken belief of the girl's age could be considered as a defense.
In 1 Wharton, Criminal Law (1957), § 321, it is stated:
"It is no defense that the defendant did not know that the female was under the statutory age of consent. It is immaterial that the defendant in good faith believed that the female was above the prohibited age, that he had exercised reasonable care to ascertain her age; that his belief, though erroneous, was reasonable; or that the defendant had been misled by the appearance or statements of the female.
The defendant acts at his peril that the female may in fact be under the age of consent. The fact that the defendant cannot assert as a defense his bona fide belief in the victim's age does not make unconstitutional the statutes under consideration."
We subscribe to that view.
Our statute, N.J.S. 2A:138-1, provides in pertinent part:
"Any person * * * who, being of the age of 16 or over, unlawfully and carnally abuses a woman-child of the age of 12 years or over, but under the age of 16 years, with or without her consent, is guilty of a high misdemeanor and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 15 years, or both."
It is noteworthy that the words "willfully," "intentionally," "knowingly," or words of similar import are absent from the above-quoted provision of our statute.
Except for a recent California decision, People v. Hernandez, 61 Cal.2d 529, 39 Cal. Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092 (Sup. Ct. 1964), it has been the universally accepted view of the courts of this country that defendant's knowledge of the age of the woman is not an essential element of the crime of statutory rape and that, therefore, "it was no defense that the accused reasonably believed her to be of the age of consent." 8 A.L.R.3d 1100, 1102 (1966). See the numerous citations immediately following that statement and supportive thereof. See, too, State v. Davis, 108 N.H. 158, 229 A.2d 842, 844 (N.H. Sup. Ct. 1967); 75 C.J.S. Rape § 35; 44 Am. Jur. § 41, p. 926; 2 Burdick, Law of Crime, § 488 to the same effect.
*571 In 2 Schlosser, New Jersey Crimnal Laws (1953), § 2091, the author states:
"In a prosecution for carnal abuse it is no defense that the accused did not know that the girl was under the age of consent or that from her appearance he believed her to be older than sixteen years of age."
State v. Koettgen, 89 N.J.L. 678 (E. & A. 1916), indicates that where the Legislature has specified a particular age as the assence of an enactment, it is age in fact, not in reasonable belief or appearance, that is dispositive. Reference in support thereof was made in Koettgen, at p. 683, to Reg. v. Robins, 1 C & K. 456, 47 E.C.L. 456, where it was held that it was no defense that the prisoner did not know that the girl was under sixteen, or that from her appearance he might have thought she was of greater age. The "age of the prosecutrix is the distinguishing ingredient of the crime of carnal abuse * * *." State v. Lefante, 12 N.J. 505, 513 (1953).
Defendant urges upon us that "in to-day's sexually oriented and educated society * * * it is absurd to continue to apply the statutory rape standard as if you were dealing with a ten year old." He adds that the statute fixing the age of "unconstitutionally arbitrary and irrational." We do not agree with the latter contention, preferring to rely upon the long and practically universal acceptance proscribing sexual intercourse with a female over 12 and less than 16 years of age. The crime has been defined by the Legislature in terms which negate any element of criminal intent on the part of the actor. It is for that body, not the courts, to change the law, if it chooses to subscribe to a more liberal pattern of sex behavior with young females.
"Within reasonable limitations, the Legislature has the power and the right to designate the mere doing of an act as a crime, even in the absence of the mens rea which was a necessary prerequisite at common law." Morss v. Forbes, 24 N.J. 341, 358 (1957). Our Legislature has done so with that portion of N.J.S. 2A:138-1 involved in the instant *572 case. It could amend the statute to require knowledge or a criminal intent, but it has not expressed any such legislative intent, despite the long held view by almost all courts of the meaning of similar statutes as not requiring criminal intent. California has seen fit to modify its law, as indicated by People v. Hernandez, supra, 39 Cal. Rptr. 361, 393 P.2d 673. where the element "criminal intent" is deemed essential for conviction. New Jersey has not.
The judgment of conviction is affirmed.