RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0741-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

WILLIAM F. SAPONARO, JR.,

 Defendant-Appellant.

__________________________________

 Argued April 25, 2017 – Decided May 31, 2017

 Before Judges Vernoia and Moynihan.

 On appeal from the Superior Court of New
 Jersey, Law Division, Cape May County
 Indictment No. 13-04-0411.

 Frank Pugliese, Assistant Deputy Public Defender,
 argued the cause for appellant (Joseph E. Krakora,
 Public Defender, attorney; Mr. Pugliese, of counsel
 and on the brief).

 Jane C. Schuster, Deputy Attorney General, argued
 the cause for respondent (Christopher S. Porrino,
 Attorney General, attorney; Sara M. Quigley,
 Deputy Attorney General, of counsel and on the brief).

PER CURIAM
 Defendant William F. Saponaro, Jr. appeals the trial court's

denial of his motion in limine to present a mistake of fact

defense. He argues that the application of N.J.S.A. 2C:14-5c

violated his due process rights because it deprived him of a

defense to the charges of sexual assault and endangering the

welfare of a child. We disagree and affirm.

 On or before June 21, 2012, B.W., a thirteen year old boy,

accessed GrindrX on his personal cell phone. GrindrX is a paid,

online dating application through which bisexual and homosexual

persons meet. B.W. and co-defendant, Mark LeMunyon,1 twenty-four

years old, agreed to meet for a sexual encounter. LeMunyon

subsequently invited the defendant, then forty-nine years old, to

participate in the rendezvous; defendant agreed. B.W. went to

defendant's home and engaged in a variety of sex acts with

defendant and LeMunyon. On June 22, B.W. informed his mother of

the assignation with defendant and LeMunyon. Authorities were

notified after B.W.'s mother took him to the hospital for an

examination. Defendant was arrested on June 28.

 The victim's age was a statutory factor in two counts

defendant faced. The State was required to prove, as an element

of the sexual assault, that the victim was at least thirteen but

1
 LeMunyon pled guilty and did not join this appeal.

 2 A-0741-15T3
less than sixteen years old, N.J.S.A. 2C:14-2c(4). It was further

required to prove that the victim was under the age of sixteen as

an element of the endangering charge, N.J.S.A. 2C:24-4a(1).

 Defendant moved in limine to present, at trial, that he was

reasonably mistaken as to the age of the thirteen year old victim.

The evidence proffered by defendant in support of the motion was:

the victim told defendant he was eighteen years old, appeared to

be eighteen, and used a website that required the victim to pay

by credit card.

 Judge Patricia M. Wild, in a discerning oral opinion, denied

defendant's motion. Thereafter, defendant entered a plea of guilty

to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-

4a(1), and fourth-degree criminal coercion, N.J.S.A. 2C:13-

5a(1)(amended from a third-degree conspiracy to commit sexual

assault). The plea bargain called for the dismissal of second-

degree sexual assault, N.J.S.A. 2C:14-2c(4).

 Pursuant to Rule 3:9-3(f), defendant preserved his right to

appeal the trial court’s denial of his motion in limine, as

memorialized in the record of the plea allocution. The court and

 3 A-0741-15T3
the assistant prosecutor acknowledged that the reservation by

defendant was a term of the plea agreement.2

 On appeal, defendant contends:

 N.J.S.A. 2C:14-5(C) IS UNCONSTITUTIONAL AS
 APPLIED TO THE FACTS OF THIS CASE. THE
 TRIAL COURT'S ORDER DENYING DEFENDANT'S
 RIGHT TO PRESENT A MISTAKE OF FACT DEFENSE
 MUST BE VACATED AND THE MATTER REMANDED FOR
 FURTHER PROCEEDINGS. (U.S. CONST., AMENDS.
 VI; XIV; N.J. CONST., ART. I. PARS. 9, 10)3

 N.J.S.A. 2C:14-5c provides, "It shall be no defense to a

prosecution for a crime under this chapter that the actor believed

the victim to be above the age stated for the offense, even if

such a mistaken belief was reasonable." By enacting the strict

liability provisions of N.J.S.A. 2C:14-5c, the Legislature

affirmed the long-standing rejection of the mistake of age defense

for sexual crimes against underage victims. See State v. Moore,

2
 The State relies on the majority holding in State v. Davila, 443
N.J. Super. 577 (2016), in arguing that we should decline to hear
this appeal because it is moot. Defendant pleaded guilty to the
endangering the welfare of a child count. That count was not
dismissed. The appeal relating to that charge is cognizable. As
to the sexual assault count, defendant complied with the
requirements of Rule 3:9-3(f). He reserved his right to appeal;
both the court and the State approved that reservation. The issue
is not moot as to that charge for the reasons expressed by Judge
Gilson in his concurring opinion in Davila, id. at 591-96, with
which we agree.
3
 Defendant confirmed during oral argument that he abandons the
contention made at the trial level that the statute was also
constitutionally infirm on its face.

 4 A-0741-15T3
105 N.J. Super. 567 (App. Div.), certif. denied, 54 N.J. 502

(1969).

 The trial court perceptively recognized the pertinent holding

in State v. Maldonado, 137 N.J. 536, 550-51, 554-56 (1994), where

our Supreme Court ruled that the Legislature has the power to

enact strict liability laws to curb serious threats to public

safety. "[C]onstitutional-due-process limitations on strict

liability criminal statutes apply [only] when the underlying

conduct is so passive, so unworthy of blame, that the persons

violating the proscription would have no notice that they were

breaking the law." Id. at 555. It is enough that the Legislature

reaches "a rational conclusion that the safety of the public

requires" strict liability for serious offenses. Id. at 551.

 We have long held that a mistaken belief as to the age of a

victim in an age-based sexual crime is not a defense. In Moore,

supra, 105 N.J. Super. at 571, we considered an argument similar

to that advanced here. Defendant, Moore, challenged a statute that

criminalized "carnal[] abuse of a woman-child of the age of 12

years or over, but under the age of 16, with or without her

consent" by a person sixteen years of age or older. Ibid. Calling

the statute "unconstitutionally arbitrary and irrational," Moore

advanced, "in to-day's sexually oriented and educated society

 5 A-0741-15T3
. . . it is absurd to continue to apply the statutory rape standard

as if you were dealing with a ten year old." Ibid.

 We rejected Moore's attempt to interpose the defense that he

reasonably believed the victim was above the minimum statutory

age. Id. at 569. We reasoned, "The crime has been defined by the

Legislature in terms which negate any element of criminal intent

on the part of the actor. It is for that body, not the courts,

to change the law, if it chooses to subscribe to a more liberal

pattern of sex behavior." Id. at 571.

 Our Legislature recognized that children should be protected—

without regard to a perpetrator's knowledge of the minor's age—

from sexual assaults. The sexual assault of a child is not passive

conduct. It is not blameless. Sexual offenders cannot reasonably

plead ignorance of a victim's age. The face-to-face violation

provides ample notice to the perpetrator that the victim is a

minor. See United States v. X-Citement Video, Inc., 513 U.S. 64,

72 n.2, 115 S. Ct. 464, 469 n.2, 130 L. Ed. 2d 372, 381 n.2 (1994).

The statute imposing strict liability for sexual relations both

protects the public, i.e., minor children, and acts as a strong

deterrent to sexual attacks on those children. N.J.S.A. 2C:14-5c

does not violate defendant's due process rights. It is a proper

exercise of the Legislature.

 6 A-0741-15T3
 Defendant's reliance on the dissent in Fleming v. State, 455

S.W.3d 577 (Tex. Crim. App. 2014), is rejected as inapposite to

our settled law.4

 Defendant also argues that N.J.S.A. 2C:14-5c does not apply

to the crime of endangering, N.J.S.A. 2C:24-4a(1). He asserts

that he should be allowed to present a defense that he did not

know the victim was under the age of eighteen, or did not

reasonably believe him to be at least eighteen.

 First, we note that these crimes occurred on or about June

21, 2012. It was not until July 1, 2013 that the Legislature

increased the age of children protected by Chapter 24 from sixteen

to eighteen. L. 2013, c. 51 §13. The pertinent age here is

sixteen, not eighteen.

 Endangering the welfare of a child is not a strict liability

crime. State v. Demarest, 252 N.J. Super. 323, 329 (App. Div.

1991). The Legislature, however, did not include a defendant's

knowledge of the victim's age as an element of the crime of

endangering when it enacted the statute to impair or debauch the

child's morals."

4
 The majority decision in Fleming is consonant with New Jersey
jurisprudence.

 7 A-0741-15T3
 In State v. Perez, 177 N.J. 540 (2003), our Supreme Court

held that the Legislature intended the age standards of Chapter

14 apply to Chapter 24:

 The child-endangerment statute is codified
 under chapter 24 of the Code, whereas other
 sexual offenses are found under chapter 14.
 Given the statute's text and the Code's
 overall structure, we conclude that the
 Legislature intended the chapter 14 standard
 in respect of a victim's age to apply here.
 The import of that conclusion is that the
 child-endangerment statute requires only
 objective proof that the alleged victim was a
 child under the age of sixteen, not that the
 accused knew or reasonably should have known
 that fact. See N.J.S.A. 2C:14-5c (providing
 that defendant cannot assert as defense
 mistaken belief that his or her victim was
 "above the age stated for the offense"). Under
 that standard, the State sufficiently proved
 the age of the victim, irrespective of
 defendant's statement that D.D.'s "looks
 [were] deceiving" and that he believed that
 she was "about 16."

 [Id. at 555.]

 In light of the consistent efforts of the Legislature to

expand its protection of children by strengthening the provisions

of Chapter 24, see generally State v. Bryant, 419 N.J. Super. 15,

25-27 (App. Div. 2011), it is not unexpected that the Perez Court

grafted the age-related strict liability provisions of Chapter 14

to the endangering statute.

 Just as the strict liability treatment of the sexual assault

statute does not violate due process principles, for the same

 8 A-0741-15T3
reasons the absence of proof of mens rea with regard to the age

of an endangered child does not violate the constitution.

 Judge Wild properly rejected defendant's contentions.

Inasmuch as the application of N.J.S.A. 2C:14-5c to defendant does

not offend the constitution, the motion to permit the mistake of

fact defense was properly denied.

 Affirmed.

 9 A-0741-15T3