SYLLABUS

*This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.*

**State v. William A. Gerena (A-72-20) (085359)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Sabatino's opinion, published at 465 N.J. Super. 548 (App. Div. 2021).)**

**Argued November 29, 2021 -- Decided December 30, 2021**

**PER CURIAM**

The Court considers the Appellate Division's determination that the trial court did not abuse its discretion in admitting two eyewitnesses' lay opinions estimating the range of heights and ages of children they observed near defendant in a public park.

In April 2018, a seventeen-year-old civilian called police and reported that she had seen a man, later identified as defendant, exposing himself to a group of children at a playground. Police officers responded to the scene and saw defendant sitting on a bench facing the playground, with his penis exposed and erect. Defendant was charged with second-degree sexual assault by contact and fourth-degree lewdness, which both require the State to prove that at least one of the victims was under the age of thirteen.

At trial, one of the police officers and the civilian eyewitness recounted to the jury what they had seen at the park. Over defendant's objection, the trial court admitted the witnesses' lay opinions about the children's ages and heights. The officer estimated that the children were around three to thirteen years old and that the smallest child appeared to be no higher than his waist. The civilian testified that the children were approximately six to fifteen years old and that the shortest child appeared no taller than her hip. The State relied on that testimony to prove that one or more of the children was under the age of thirteen, and the jury found defendant guilty of fourth-degree lewdness.

The Appellate Division affirmed, finding that the two witnesses had an adequate opportunity to view the physical characteristics and activities of the group of children to enable them to provide lay opinions under N.J.R.E. 701 about the perceived ranges of the children's heights and ages. See 465 N.J. Super. 548, 551 (App. Div. 2021). However, the court remanded for a hearing on jail credits, see id. at 573, a determination not challenged here.

1

The Appellate Division reviewed the relevant Rules of Evidence: N.J.R.E. 701, which states that a lay witness' opinion testimony may be admitted if it "(a) is rationally based on the witness' perception; and (b) will assist in understanding the witness' testimony or determining a fact in issue"; and N.J.R.E. 403, under which an opposing party is free to argue that the witness' testimony should be excluded if its prejudicial risks substantially outweigh its probative value. See id. at 568-69.

The Appellate Division declined to apply the flat prohibition on lay opinion testimony about age announced by the Court of Errors and Appeals in State v. Koettgen, 89 N.J.L. 678, 679-80 (E. & A. 1916) because the court found that it was contrary to the evidence rules and case law governing lay opinion. See 465 N.J. Super. at 551-52. The appellate court instead applied a contextual, case-by-case analysis that it determined was consistent with the State's modern Rules of Evidence and prevailing case law principles. See id. at 552. The court agreed with Professor Wigmore's treatise on evidence and the case law of other states that allows trial courts to admit such opinion testimony where it has a reasonable foundation. See id. at 569. The Appellate Division noted that in the present case, the opinion testimony about the children's ages was based in part upon the witnesses' separate perceptions and that no reported case in this State categorically forbids lay witnesses from offering such height estimates. See id. at 567.

The Appellate Division offered a variety of factors it found a court should consider in evaluating the admissibility of such lay opinions: (1) distance of the eyewitness to the person observed, (2) length of time of the observation, (3) any observed activity of the person, (4) physical comparisons with the height or size of nearby objects or other persons, (5) whether the eyewitness attests to a range rather than a specific height or age, (6) whether the observed individual has a comparatively similar age or height as the witness, (7) whether there is corroborating proof, and (8) the totality of circumstances. See id. at 551. The court applied those factors to the present case and found that they supported admission of the witnesses' lay opinions. See id. at 570-72.

**HELD:** The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Sabatino's published opinion. The determination of whether to admit, under N.J.R.E. 701, lay opinion testimony estimating the perceived ranges of children's ages or heights is best suited for case-by-case assessment. The Court disapproves of State v. Koettgen and its categorical approach to the admission of such lay opinion evidence about age. Henceforth, the trial court, acting as gatekeeper, shall assess whether there exists a proper foundation for the lay opinion being offered, and if so, allow its admission subject to a Rule 403 balancing of the relative probative value and prejudicial effect of the testimony. The Court generally endorses and adds to the Appellate Division's helpful guidance to trial courts when performing that gatekeeping role and protecting against the admission of unreliable age-related lay opinion testimony.

1.  First, the trial court should conduct a Rule 104 hearing, on request, and state on the record its basis for finding a sufficient foundation exists for the proposed lay opinion testimony.  The Court commends the use of the eight factors the Appellate Division identified as aids, recognizing that the determination will be case-specific.  Second, in the use of those factors, a trial court's determination of admissibility may be much more easily resolved in cases where the witness is estimating the approximate age of a person or persons to be at the extremes of old age and very young, distant from the relevant legal threshold age -- in this case, over or under the age of thirteen.  The closer the perceived age of the individual is to the legal threshold age to be proved, the greater the need for precise evidence and the less appropriate it is to rely on lay testimony.  (pp. 3-4)

2.  In some prosecutions, an expert might be necessary, such as in a child pornography case where the witness is estimating age from a video or picture.  Other times, it may be necessary to establish age with more reliable proof, for example, through date-of-birth records or personal knowledge.  The Court notes that this concern is not present in the instant matter, where two witnesses testified to seeing children as young as six years old engaged in age-appropriate activities, with parents apparently present and supervising, at the playground where defendant was apprehended.  The Court sees no error in the trial court's admission of the witnesses' lay opinion testimony because the witnesses observed children who appeared significantly younger in their developmental age than the age of thirteen, the age threshold for a lewdness offense.  (pp. 4-5)

3.  The Court agrees with the Appellate Division and other courts that require the jury be carefully instructed in appropriate cases when lay opinion testimony is presented concerning estimation of a child's age.  Trial judges have the "discretion to provide appropriate charges, on request or sua sponte, as the situation may warrant."  Gerena, 465 N.J. Super. at 572 n.9.  At a minimum, the charge should remind the jury that the State bears the burden of proof on all elements of a criminal offense, including satisfying any age requirement.  The jury should be informed that speculation about age is not permitted and that it must be persuaded by the evidence when determining whether the State has satisfied its burden.  The Court recommends that a model charge be prepared on this subject and refers the matter to the Model Jury Charges Committees for further development.  (pp. 5-6)

   **AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and PIERRE-LOUIS join in this opinion.**

# SUPREME COURT OF NEW JERSEY

## A-72 September Term 2020

## 085359

State of New Jersey,

Plaintiff-Respondent,

v.

William A. Gerena,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
465 N.J. Super. 548 (App. Div. 2021).

| Argued | Decided |
|---|---|
| November 29, 2021 | December 30, 2021 |

Melanie K. Dellplain, Assistant Deputy Public Defender,
argued the cause for appellant (Joseph E. Krakora, Public
Defender, attorney; Melanie K. Dellplain, of counsel and
on the briefs).

Stephanie Davis Elson, Assistant Prosecutor, argued the
cause for respondent (Esther Suarez, Hudson County
Prosecutor, attorney; Ednin D. Martinez, Assistant
Prosecutor, on the briefs).

Frank Muroski, Deputy Attorney General, argued the
cause for amicus curiae Attorney General of New Jersey
(Andrew J. Bruck, Acting Attorney General, attorney;
Frank Muroski, of counsel and on the brief).

Rachel E. Simon argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Pashman Stein Walder Hayden, attorneys; Rachel E. Simon, of counsel and on the brief).

PER CURIAM

The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Sabatino's thorough and thoughtful published opinion. We add the following brief comments.

We concur with the Appellate Division's reasoning that the determination of whether to admit, under N.J.R.E. 701, lay opinion testimony estimating the perceived ranges of children's ages or heights is best suited for case-by-case assessment. State v. Gerena, 465 N.J. Super. 548 (App. Div. 2021). Further, we agree that the categorical prohibition of such lay opinion testimony endorsed in the now century-old case of State v. Koettgen, 89 N.J.L. 678, 680 (E. & A. 1916) (stating that age "is not within the category of things . . . which . . . can be proved by [lay] opinion testimony"), constitutes an overbroad generalization that is discordant with our modern Rules of Evidence. Gerena, 465 N.J. Super. at 561-69.

We disapprove of Koettgen and its categorical approach to the admission of such lay opinion evidence. Henceforth, the trial court, acting as gatekeeper, shall assess whether there exists a proper foundation for the lay opinion being

2

offered, and if so, allow its admission subject to a Rule 403 balancing of the relative probative value and prejudicial effect of the testimony.

The Appellate Division has offered helpful guidance to trial courts when performing that gatekeeping role and protecting against the admission of unreliable age-related lay opinion testimony. We generally endorse the considerations espoused by the Appellate Division and add the following.

First, the trial court should conduct a Rule 104 hearing, on request, and state on the record its basis for finding a sufficient foundation exists for the proposed lay opinion testimony. We commend the use of the eight factors the Appellate Division identified as aids, recognizing that the determination will be case-specific. Gerena, 465 N.J. Super. at 569-73. Second, in the use of those factors, we note that a trial court's determination of admissibility may be much more easily resolved in cases where the witness is estimating the approximate age of a person or persons to be at the extremes of old age and very young, distant from the relevant legal threshold age -- in this case, over or under the age of thirteen.[1] See N.J.S.A. 2C:14-4(b)(1) (defining "Lewdness" to include proscribed acts "where the actor knows or reasonably expects he is likely to be observed by a child who is less than 13 years of age"). For

---

[1] When the proof requires demonstration of the exact age of a person, it is difficult to imagine a scenario where lay opinion testimony based on observations would suffice.

example, common sense supports the inference that the approximation of a child to be around the age of two or three years old as against a statutory threshold of "less than 13" can be fairly readily resolved through lay opinion testimony based on observations.

Relatedly, the closer the perceived age of the individual is to the legal threshold age to be proved, the greater the need for precise evidence. In other words, as the margin narrows towards the poles of an age-range limit, the less appropriate it is to rely on lay testimony. Thus, if the proposed testimony of a witness estimates the age of a child to be close to the upper threshold of a statutory age limit, such lay witness testimony may not suffice under a gatekeeper's assessment for reliability. As the Appellate Division's decision reflected, an important consideration will be "where the children appear to fit along the spectrum of ages." Gerena, 465 N.J. Super. at 565.

In some prosecutions, an expert might be necessary, such as in a child pornography case where the witness is estimating age from a video or picture. See, e.g., State v. May, 362 N.J. Super. 572, 594-95 (App. Div. 2003) (noting, in a child pornography prosecution, that whether an expert is needed to determine the age of a child depicted requires a case-by-case analysis that calls upon the trial court's gatekeeping functions and requires a careful jury instruction). Other times, it may be necessary to establish age with more

4

reliable proof, for example, through date-of-birth records or personal knowledge. We note that this concern is not present in the instant matter, where two witnesses testified to seeing children as young as six years old engaged in age-appropriate activities, with parents apparently present and supervising, at the playground where defendant was apprehended. Because those witnesses observed children who appeared significantly younger in their developmental age than the age of thirteen, the age threshold for a lewdness offense, their testimony was not problematic. Like the Appellate Division, we see no error in the trial court's admission of the witnesses' lay opinion testimony.

Finally, we agree with the Appellate Division and other courts that require the jury be carefully instructed in appropriate cases when lay opinion testimony is presented concerning estimation of a child's age. Gerena, 465 N.J. Super. at 565. Trial judges have the "discretion to provide appropriate charges, on request or sua sponte, as the situation may warrant." Id. at 572 n.9. The guidance provided by Judge Kestin in May offered an appropriate baseline for such an instruction, as was duly noted in the matter before us. Gerena, 465 N.J. Super. at 565-66. At a minimum, the charge should remind the jury that the State bears the burden of proof on all elements of a criminal offense, including satisfying any age requirement. See May, 362 N.J. Super. at

5

595. The jury should be informed that "speculation about age is not permitted," and that it must be persuaded by the evidence when determining whether the State has satisfied its burden. Ibid.

Accordingly, we recommend that a model charge be prepared on this subject and refer the matter to the Model Jury Charges Committees for further development.

For the reasons expressed, we affirm the judgment of the Appellate Division.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and PIERRE-LOUIS join in this opinion.